IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MIGUEL A. PAYAN, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 3:10-CV-0857-D (BK) |
| | § | |
| PARKLAND HEALTH & HOSPITAL | § | |
| SYSTEM, Dallas County Jail Health, et al., | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3-251, this case was referred for findings, conclusions, and recommendation.

**I. BACKGROUND**

Plaintiff, an Indiana prisoner, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, complaining of events that occurred while he was confined at the Dallas County Jail in Dallas, Texas. Defendants are Parkland Health and Hospital System, Dallas County Jail Nurse Dennis Kenneth, and Dallas County Jail Officer Hamilton. The court did not issue process in this case pending preliminary screening.

On June 24, 2010, Magistrate Judge Paul D. Stickney issued a second questionnaire to Plaintiff to obtain additional information about his complaint. Thereafter, the case was re-assigned to the undersigned magistrate judge. As of the filing of this recommendation, Plaintiff has failed to respond to the magistrate judge's second questionnaire or seek an extension of time to do so.

## II. ANALYSIS

The Fifth Circuit Court of Appeals has approved the use of questionnaires as a proper method to develop the factual basis of a *pro se, in forma pauperis* complaint. *See Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994) (requiring further development of insufficient factual allegations before dismissal under 28 U.S.C. § 1915 is proper); *Watson v. Ault*, 525 F.2d 886, 892-93 (5th Cir. 1976) (affirming use of questionnaires as useful and proper means for court to develop factual basis of *pro se* plaintiff's complaint); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009). In this case, the answers to the magistrate judge's questionnaire are necessary for the court to determine the factual basis for Plaintiff's claims.

Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127(5th Cir. 1988). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Plaintiff has been given ample opportunity to respond to the magistrate judge's second questionnaire. He has impliedly refused or declined to do so. Therefore, this action should be dismissed without prejudice for lack of prosecution. *See* Fed. R. Civ. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified); *see also Callip v. Harris County Child Welfare Department*, 757 F.2d 1513, 1519 (5th Cir. 1985) (setting out

higher standard for dismissal with prejudice for want of prosecution).[1]

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be DISMISSED without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

SIGNED August 4, 2010.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[1] Since Plaintiff's claims stem from events that occurred on December 8, 2009, the two-year statute of limitations is not implicated and the court need not apply the higher *Callip* standard for dismissal with prejudice for want of prosecution. *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (Where limitations "prevents or arguably may prevent" further litigation, the district court may dismiss for want of prosecution only when there is a clear record of delay or contumacious conduct by the plaintiff, and the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile).